IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DAY, as Personal Representative
of the Wrongful Death Estate of
Tommie James Reed, III, deceased,

    Plaintiff,

v.

MATADOR PRODUCTION COMPANY,                  No. 1:24-cv-00677-MIS-SCY
MRC ENERGY COMPANY,
WEATHERFORD U.S., L.P., and
PRO-TEK FIELD SERVICES, LLC,

    Defendants.

## OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Lift Stay and For Reconsideration of Order Compelling Arbitration ("Motion") filed on June 30, 2025. ECF No. 57. Defendant Weatherford U.S., L.P. ("Weatherford") responded in opposition to the Motion on July 14, 2025, ECF No. 58 ("Response"), and on the same day Defendant Pro-Tek Field Services, LLC ("Pro-Tek") filed a notice of joinder in Weatherford's Response, ECF No. 59 ("Notice"). Having considered the submissions of counsel and relevant law, the Court will **DENY** Plaintiff's request to lift the stay and reconsider its order granting Weatherford's motion to compel arbitration, entered on June 4, 2025, ECF No. 56 ("Order").

**I.    BACKGROUND**

Plaintiff John Day, the personal representative of the wrongful death estate of Tommie James Reed, III, ("Decedent"), invokes Rules of Civil Procedure 59(e) and 54(b), asking the Court to reconsider its order staying this matter and granting Defendant Weatherford's motion to compel arbitration. Mot. at 1-3. Plaintiff brought this action against Defendants Weatherford and Pro-Tek

seeking damages, including punitive damages, for the Defendants' alleged negligence that Plaintiff asserts resulted in the death of Decedent during the course and scope of his employment with non-party Patterson-UTI Drilling Company LLC ("Patterson"). Compl. at 1-8, ¶¶ 1-3, 7-18, 22, 27, 29, 31, 37, ECF No. 40. Defendant Weatherford, joined by Pro-Tek, moved to compel the matter to arbitration on the basis that they are third party beneficiaries to an arbitration agreement entered into between Decedent and Patterson ("Agreement") asserting that the Agreement delegated arbitrability to an arbitrator. ECF No. 37 at 6; ECF No. 42 at 1-2; ECF No. 45 at 1.

The Court entered its Order granting Weatherford's motion to stay and compel arbitration and stayed the matter pending the completion of arbitration proceedings. ECF No. 56 at 17. Plaintiff now asserts the Court should lift the stay and reconsider its Order "based on an intervening change in controlling law and to correct clear error." Mot. at 2. Plaintiff specifically contends *Munoz v. Conduent State & Local Solutions, Inc.*, No. 24-2044, 2025 WL 799482 (10th Cir. Mar. 13, 2025), "clarifies the applicable law in a manner that conflicts with the stated bases for the Court's decision." *Id.* Plaintiff acknowledges the Court's citation to *Munoz* in its Order. *Id.* at 2, 5. Plaintiff nonetheless "requests that the Court reconsider its decision (1) because of the lack of adversarial presentation on the dispositive issue and (2) in light of this intervening authority" that he claims constitutes clear error. *Id.* at 2. *See generally id.* at 5-9. Defendants request the Court deny Plaintiff's Motion. *See generally* Resp., ECF No. 58; Notice, ECF No. 59.

Having considered the Parties briefs, the record of this case, and applicable law, the Court will deny Plaintiff's Motion.

**II.     LEGAL BACKGROUND**

The Federal Rules of Civil Procedure do not address motions for reconsideration. *See Neri v. Bd. of Educ. for Albuquerque Pub. Schs.*, CIV 19-8 JCH/SCY, 2020 WL 108379, at *1 (D.N.M.

2

Jan. 9, 2020) (quoting *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)). A motion to reconsider a final judgment can be construed in one of two ways: (1) "if filed within [28] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e);" and (2) "if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.* (quoting *Bloomberg, L.P.*, 312 F.3d at 1269 n.3). *See also id.* at *1 n.2 (noting since *Bloomberg, L.P.* "was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days").

Interlocutory orders entered by a court are not final judgments and reconsideration of such an order is subject to the discretion of the court. *Id.* at *1. Federal Rule of Civil Procedure 54(b) generally grants district courts discretion to revise interlocutory orders at any time prior to entry of final judgment. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Rule 54(b) and stating it "is within the District Court's discretion to revise [its] interlocutory orders prior to entry of final judgment"). In reviewing an interlocutory order, the court may but "is not required to apply the standards of Rule 59(e)[.]" *Neri*, 2020 WL 108379, at *1; *see also Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010) (noting a court moved to reconsider an interlocutory order may apply the legal standards applicable to a Rule 59(e) motion).

Under Rule 59(e), a court may grant a motion for reconsideration when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000). A motion to reconsider is not, however, an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of the Paraclete*, 204 F.3d at 1012).

## III.   DISCUSSION

Plaintiff claims his motion to reconsider should be granted because of (1) the "intervening change in controlling law" that is *Munoz,* and (2) the Court's "need to correct clear error or prevent manifest injustice" because it "did not decide whether *Plaintiff and Weatherford* agreed to arbitrate disputes about whether Weatherford could enforce Patterson's arbitration clause[.]" Mot. at 2-3. The Court sees no reason to grant Plaintiff's request because under the Rule 59(e) standards he has not demonstrated that there was a change in controlling law, new evidence, or clear error to be corrected. *See Neri*, 2020 WL 108379, at *2 (denying plaintiff's motion to reconsider because information presented as "new" was in fact information that could have been presented in plaintiff's previous motion).

The Court considered *Munoz* and Plaintiff recognizes that the Court's Order in fact cites to *Munoz*, Mot. at 2, an unpublished case that is not controlling. Plaintiff acknowledges that its Motion is not brought on the basis that there is any new evidence. *Id.* at 3 (noting that the first and third Rule 59(e) occasions—intervening change in controlling law and the need to correct clear error—are the only factors implicated in his Motion). Finally, although Plaintiff contends the Court's "Order does not address the threshold factual issues of whether Weatherford [or Pro-Tek] was a 'contractor' of Patterson," *id.*, or whether Plaintiff and Defendants—nonsignatories to arbitration agreement—"agreed to arbitrate disputes about whether Weatherford could enforce Patterson's arbitration clause," *id.*, the Order, as recognized by Plaintiff, in fact addressed the very core of the briefing before it: whether, under New Mexico law, an alleged third party beneficiary

4

could enforce an arbitration agreement that it did not sign, *id.* at 4; Order at 7-8, 14-17, ECF No. 56. The Court discerns no clear error necessitating its clarification or reconsideration.

## IV.   CONCLUSION

After considering the Parties' arguments, the record, and relevant law, for the foregoing reasons Plaintiff's Motion to Lift Stay and For Reconsideration of Order Compelling Arbitration, ECF No. 57, is **DENIED**.

IT IS SO ORDERED.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE